Good morning your honors. May it please the court. I'm Sherry McCracken and I represent Vernon Harris. Are you hearing me all right? Yes. My ears are plugged so I don't hear myself very well. We are here because attorneys fees and costs were wrongly granted to the state. Federal and state law and policy as well as congressional intent generally prohibits an under Christenberg. Christenberg says that defendants are to be granted fees only when claims are frivolous, groundless or vexatious. The district court here found that a number of the claims were frivolous. Actually I think that's a mixed message your honor. In a 56 page order on the motions for summary judgment in this matter, the district court found nothing frivolous, vexatious or groundless. It was only a year. That was on a motion for summary judgment and frivolous is not a standard of review for for granting summary judgment. That's true. Well when it came to attorney's fees that's when he had to determine whether the claims were frivolous and he determined that a number of them were frivolous and as another number of them were yes. And that being true under Christenberg, Christenberg sets a very high standard for frivolous in awarding fees to defendants. In fact Hughes the supreme court said that awarding fees in a pro per case where the prisoner did not even survive a motion for summary judgment did not rise to the level of frivolous under Christenberg. Further in this case Mr. Harris survived two motions for summary judgment. The first motion for summary judgment was filed three years into this litigation and I refer this court to I believe it's Christen versus Mattel where this course in remanding suggested any case that took 700 hours of attorney time might not be frivolous. In this case we're talking about the defense spending well over 2,000 hours in this matter. There are other reasons that attorney's fees should not be granted in this case besides Christenberg. First fees are not available in Arizona when contractual type claims arise out of statute. And here you'll recall that Mr. Harris argued that his claims to due process and property arose out of the Arizona rules of the supreme court which the district court said were only guidance as the realtor's code. They arose out of the employment protection act and they arose out of the policies and regulations of the Maricopa county superior court particularly the sexual harassment act. This court also previously denied a motion for fees and sanctions on the same exact grounds on the same exact arguments. If the appeal wasn't groundless and frivolous it seems hard to believe that the underlying claims were frivolous. The district court here indulged in the temptation to find frivolous claims after the fact after finding nothing frivolous in its summary judgment motion. The fees sought here are not reasonable properly supported and irrationally related. The fee application submission does not comply with Kerr or Arizona law. The chilling effect to plaintiffs and their attorneys here will be profound. 89 to 100 percent of the fees awarded on each claim were identified by the state solely as and then they were divided by 10 and ascribed to the claims where fees were awarded. The district court here identified claims as contract to award fees but related to the civil rights claims to award costs maximizing the award. The state refused to discuss settlement in this matter. Early on it could have been settled for my client being rehired and having the state Maricopa county go through its own policies and procedures. As I said before an award of fees here is against the standards in Christianberg and Christianberg is the standard followed by Hughes. Let me go back to what you said earlier about contract claims. Yes. What did you say about Arizona law? Arizona law says that something has to arise out of contract and that those claims contract type a public employee would have arise out of statute policies regulations. Those kinds of claims don't arise out of contract for purposes of ARS 12-341 under which the district court awarded fees. Well I thought the district court awarded fees under 1988. It did. Well it awarded under both. But the question is whether 1988 allows you to award fees for state claims and I think the district court adopted the seventh circuit view that under 1988 you can award fees for state claims rather than looking to the state statute as to whether fees would be awarded under the state statute. Is that not right? It may very well be, Your Honor, but again if you're awarding fees in the Federal sector you have to comply with the Christianberg standard and the Kerr factors and they didn't even comply with the Kerr factors. Also under Arizona law, if you're working with Arizona law, associate indemnity makes clear that chilling awards must be viewed with particular consideration. Well the judge cut the fees by 50 percent. Yes. I think because of the financial circumstances. Your Honor, I think that's a difference without a difference. Whether my client who earns $52,000 a year has sole legal custody of his three children can pay $125,000 was not analyzed. Two different issues, whether the financial circumstances and whether there's a chilling or a single issue. I actually think that they're separate issues. I think a chilling effect of $125,000 in total more is chilling to all of the plaintiffs bar and any plaintiff who'd make a recognize that simply filing a claim and getting an attorney to represent you took an incentive. We've provided affidavits talking about the chilling effect and we also provided information that prior to your most of your title seven claims you the district court found were not were not frivolous so there were no fees awarded for the title seven claims except there was a fee awarded I believe for the hostile hostile work environment but on that one you were just plainly your honor but even if I was plainly outside the statute of limitations Christian Berg makes clear that those claims that were the same core of facts that are the other civil rights claims does not incur attorney's fees under title seven that sometimes you're going to be a miss sometimes you're going to lose but you don't get punished for losing this court can take judicial notice of pleadings that have been before the ninth circuit EEOC versus Maricopa County number 05-15403 last March this court refused to grant fees against the EEOC there is another one coming up for argument in another month Parental versus Prescott Unified School District back to the curve factors which I think that even if the state is found to quote deserve fees they didn't submit an adequate fee application the court never decided what the prevailing rate in the relevant community was for the defendant the plaintiff pointed out that this has not been proven and provided several cases that contradicted and affidavits information public requests that contradicted what Ms. Baker said was her reasonable rate in the relevant community the state didn't specify in its fee application what items went to what claims 80 percent of the fee application were ascribed to general fees if they're general fees I would believe that that meant they had to be done for everything even the good civil rights claims and thus they shouldn't have ascribed 10 percent of them or $25,000 what what obligation did the did the county have how could I know and there's some things that just have to be done in litigation irrespective of the number of claims how should the how should the district court of apportion those your honor I believe that the case law in this circuit Camacho Crouch and Fuddruckers says that all doubt must be resolved in favor of the plaintiff in these matters and that lawyers who are experienced need to keep their fees in such a way that a court can decide what's reasonably to charge what I think is not reasonable is to have one claim where defendants identified something like 69 dollars worth of time to the claim and they were awarded over 25,000 because of the general fees also even in the things that were ascribed defendants divided individual fee lines by three four and five it is not the district court's job nor even mine to decide what these itemized items meant we are supposed to be able to reasonably judge then as to cost if you will look at er 242 a and b there was no reasonable and accurate rendition of costs the invoices upon which this schedule relies and the schedule seems to be the only thing the district court relies on the invoices all say for services rendered that doesn't tell this court whether that was reasonable or necessary and some of those fees were for investigating mr harris's psychologist for ethics violations by a do you want to save your last two minutes oh i'm sorry your honor i certainly do okay thank you good morning may it please the court i'm katherine baker and i represent the state of arizona in this case this case is quite important on behalf of defendants particularly municipal defendants who frequently are placed in the position of defending against frivolous claims brought by plaintiffs counsel who think there is no downside to doing so frivolous and non-frivolous claims combined in one suit exactly but here your honor the frivolous claims predominated in fact there were my calculation okay basically a civil rights case and the basic civil rights claim was found to be non-frivolous except some like uh the ones where the statute had run hostile work environment but that also involves basic race discrimination claim what why why do you say it predominates i mean don't they aren't they related to the basic claim which was found to be non-frivolous i have to respectfully disagree your honor the reason that the reason that i said the frivolous and meritless claims predominate in this case is because the district court exercised its reasonable discretion and found 10 separate claims distinct claims separately pled separately brought separately argued separately briefed subject to different tests when i say separately briefed you mean there's a brief and you say there's race discrimination and part of it was hostile environment part of it's you know one one claim uh they're stated under different theories but it's the same basic claim well and again i disagree your honor i think they are distinct as set forth in the tutor saliva case where they say when you uh look at the claims are they distinct are they brought on separate grounds are they briefed separately are they subject to separate tests theories they are separate theories i'm fired and i say it's a violation of civil rights statute and it's a breach of contract well but you say more specifically it's a disparate impact uh claim it is a hostile work environment based on gender it's a hostile work environment based on race two very different things which were found frivolous in this case for two very different reasons and you also say it's a deprivation of my property interest separate tests applicable to that discharge and you say it's not only a civil rights violation to discharge me it violates contract there are four contract claims there were three your honor well i thought there were four including the due process well the due process as far as the district court found in the exercise of its discretion and agreed to by counsel in front of the district court is there were three there was the breach of express breach of contract claim there was a breach of the covenant of good faith and fair dealing and then there was the due process property interest claim those are the three claims that were found to be contract claims the same thing you fired me and i said it's it's a breach of contract it's a breach of due process to fire me i have a liberty interest i've got this interest all resulting from my firing i mean you know there are two theories of life you know one is you give a judge 10 arguments for your to win a case this was one of my first cases and one you just give them the best one and sometimes you find the judges aren't as bright as you'd like and he picks one of your weaker arguments so you know you know what's happened to you and you give them a lot of theories on which to decide it but it's you know i don't get to the to the to the last argument basically if you have to defend against these claims and you spent a lot of time on it and you can't tell you can't allocate it among the various claims and you say well here's 250 000 i spent and i can't tell you on which claim some of those claims are meritorious or non-frivolous some are frivolous doesn't that suggest that all of that must may have been spent on the non-frivolous ones and you can't tell how much was spent on the frivolous ones again your honor i respectfully disagree and the reason for that is there's a difference between claims that arise from the same core of operative facts i.e i got fired i've got 10 claims and claims that are distinct and alleged separately in other words i got fired i think it's race discrimination what does he say okay sure i don't know what they're spent on well no one said i don't know what they're spent on what we did was we divided by 10 because in the realities of litigation for example there were roughly 15 to 17 depositions in this case primarily taken by the plaintiff in those depositions they went through all 10 of those separate theories as defense counsel when i bill my time it's not possible it's not practicable it's not even reasonable for a court to expect me to delineate in my time entries the specific amount of time spent on each and every of the 10 separate claims and the courts recognize that in in order to allocate general fees to separate claims it's acceptable to use a percentage and here what the court did is divided the 10 claims okay we have the excuse me the karn's case we cited which involves a land lanham act claim where they used both sides had the issue of and that was quite a large fee claim as you recall both sides had the problem of the general fees because in practical litigation this is what happens each suggested a percentage allocation the court used a percentage allocation as being reasonable also in the tutors to leave parties agreed to that method well both suggested a reasonable method in that case there's also the tutors to leave a case where a 20 allocation was used and what the court did was remanded it to the district court saying that the basis for the allocation wasn't specifically enough explained but it didn't object to the 20 allocation there's really practically speaking your honor no other way to do it plaintiffs when they seek fees have the same problems as defendants do and that is there's no practical way in practice especially when you have a plaintiff who has 10 separate claims all with different elements to go through and bill and put for example when you're in an eight-hour deposition what relates specifically to each claim how much time for example that's true and the courts have recognized for example when you interview witnesses when you talk on the phone when you talk to your client all of those things are applicable to the case as a whole and there is no practical way to separate it out and if i might your honor in looking at the plaintiff's complaint that oh my gosh there were 589 dollars and 67 cents allocated to one claim but when you put the 10 percent of the total general fees in you have roughly 28 000 in fees the reverse was also true where we were denied 40 433 dollars in fees when only 15 000 were directly applicable to the claims where we only had 441 dollars and 46 cents in a bill applicable to a claim on which we didn't get fees and we were denied 30 000 in fees it works both ways because that's the practical reality of the situation there isn't a way to do a fee claim without a percent allocation like this when you have 10 separate claims 15 to 17 depositions when you have the this many issues being raised by the plaintiff okay your honor um what it is your burden isn't it on attorney's fees absolutely and we met that burden your honor with a detailed fee application i agree i just want to make sure we are in agreement understand no we are in agreement your honor and we did provide affidavits for example um council says that we didn't provide information on the prevailing rate but if you look at the court right okay all right um you asked a question earlier of council about the contract claims and what the court actually did for those three contract claims was did award them pursuant to the arizona statute 12 341 01 and went through the associated indemnity factors for those three contract based claims and did award fees on that basis even though the claims were also found to be meritless and without foundation and therefore would be consistent with a fee award under the christianberg standard the fees were awarded under the state statute the council's comments about fees not being allowed under contract if a statute is involved is in error and what we'd ask um didn't the court say that all the state claims could be fees to be awarded under section 1988 what the court did is first analyze the three under that statute for those three claims then it went to the federal claims and found which were frivolous and which were non-frivolous and it awarded fees on the non-frivolous excuse me on the frivolous claims even though they were mixed with non-frivolous claims based on the tutor saliva case that allows that to be happen allows that to occur yes well what i'm getting to is then what it did is it went to the pendant state law claims and that's where it used the seventh circuit case of munson and for the pendant state law claims for which fees had not already been awarded the three claims two of which were pendant state law claims under the contract theory ars 12 340 101 the court then awarded fees on the frivolous pendant state law claims under the munson case which cited a ninth circuit case saying that it only makes sense i was trying to get the answer the district court said that these state court claims fees could be awarded under 1988 yes pursuant to the munson case and your honor on behalf of the defendants who daily have to litigate cases like this we think that the court paid very great attention to the tests that were applicable to the various different claims and to the standards that it needed to evaluate in order to exercise its reasonable discretion council did raise an issue about law of the case but that's not applicable because this court's prior order simply said fees will not be awarded did not give grounds for it which left the district court to exercise its reasonable discretion and it took great pains to do so here well i thought when we don't deny fees on the question of whether an appeal is frivolous i don't think that that has well maybe that's why i always decided if anything was that the appeal was not frivolous nothing was decided with regard to fees on whether the appeal was frivolous or non-frivolous because the order simply says fees are denied and under the thompson case from this court if uh all that is said as fees are denied it's certainly possible that the court found the appeal frivolous but nonetheless exercised its discretion not to award fees so it's basically a non-issue i guess is what i'm saying which left the discretion to the district court in order to award these fees and what it did as you know is when it got to when it finally got down to the load star which was significantly less than what we asked for it cut it in half based on the plaintiff's financial condition bringing the fee award down to 85-5 then we get to the costs and i want to bring the court's attention to a footnote that we did include in our brief and counsel alluded to the fact that there were some costs awarded and then not subtracted for the non-frivolous federal claims and we dropped a footnote and said in the cost there was a calculation of roughly eighteen thousand dollars that could be reduced from the cost award to make it accurate but under a situation like this and on behalf of the state of arizona it's absolutely imperative that this court adopt a standard where defendants have parity in their ability to offset the cost of frivolous litigation and you can see what happened here and that was the plaintiff had no incentive to fully evaluate the claims make sure they were non-frivolous do the research before the claims were stated get rid of the case along the way when it became clear that the case was groundless the state offered a walk away there was no interest in that a walk away of course is a waiver of a claim for costs and fees and plaintiffs who who know there is no downside have no reason not to just throw in a civil rights claim say hey that's going to save me on all the rest of my claims and put the state of arizona through what it was put through in this case which was oh as we know in a gross amount over three hundred thousand dollars in attorney's fees and so on behalf of the state of arizona and the other defense litigants and i have to say to the court that i do plaintiff's cases as well and i understand it's very important to evaluate the validity of claims before they're brought because you know that fees could be awarded but good competent plaintiff's counsel i do not be believe would be chilled in any way by the order in this case because the court exercised its discretion to make it so clear plaintiff's counsel are as competent as you are particularly those who represent civil rights well your honor okay and your honor i'm sure many are more competent than me i was just trying to make the point that i don't think it will chill but thank you very much no downside my firm lost two years of profits no downside my client is broke no downside i sued city hall but also contradictory council just told you that there were 10 discrete claims that were briefed separately if you briefed them separately you could identify 80 percent of general claims i asked this court not to overturn christianberg the state of arizona is basically asking for christianberg to be overturned to further chill what is an daunting task taking on the state which has endless resources which never settles anything particularly in a case where no one ever discussed settlement and when you go through defendant's billings she never talked to the real client in interest she talked to risk management not the arizona supreme court not the new presiding judge of the maricopa county superior court and there was not an offer to walk away what it was was a letter that said i think my client might undertake to my client from a year before council started in this matter tried to get a discussion going a settlement discussion going and this wasn't a frivolous case this was a case where maricopa county superior court investigated my client a black male he was the fourth person we know of to have been investigated for sexual harassment all of those men were black a year later we suddenly after this litigation we have white men but we have a tremendous difference that unfortunately the ninth circuit and the district court didn't find the investigative file on my client was some 600 pages with documents thrown in according to council's own testimony and comment and the white men all had these wonderful files the presiding judge took no evidence he wanted only things in writing and furthermore the state in refusing to talk to us did not tell us until after this litigation was filed that the reason my client was fired was not sexual harassment this is not a case for fees the other thing i want to say is remember that those depositions had to all be retaken because in the middle of this case the state changed its theory and suddenly had a defense on advice of council also the state claimed everyone and we have a bad ethics rule in arizona but claimed that everyone was their client so we couldn't speak to anyone i ask this court to not only not overturn christianberg but i think that maybe you should look at carver v layman and send a message that summary judgment doesn't mean that the plaintiff has to prove their case on paper thank you please just argue we'll be submitted
judges: Hug, Reinhardt, Bybee